**Assaf MOUHANNA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–74937.**

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 4, 2007.

Phillip F. Fishman, Minneapolis, MN, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Terri J. Sca-

dron, Esq., Robbin K. Blaya, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT and TASHIMA, Circuit Judges.

MEMORANDUM **

Assaf Mouhanna, a native and citizen of Lebanon, seeks review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), we deny the petition for review.

The BIA did not abuse its discretion in denying Mouhanna's motion to reopen as untimely because it was not filed until more than one year after the BIA issued its final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (generally requiring that motions to reopen be filed within 90 days of the entry of a final administrative order of removal). Moreover, Mouhanna did not show he was entitled to equitable tolling. *See Iturribarria,* 321 F.3d at 897. Finally, Mouhanna failed to present new and material evidence of changed conditions in Lebanon. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (no time limit on motion to reopen to apply for asylum based on changed country conditions).

Mouhanna's contention concerning his eligibility for adjustment of status under *Bona v. Gonzales,* 425 F.3d 663 (9th Cir.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2005) is unpersuasive because he failed to timely file his motion to reopen.

**PETITION FOR REVIEW DENIED.**